# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH ROBINSON**
        **Petitioner,**

    v.                                      **Case No. 03-C-901**

**UNITED STATES OF AMERICA**
        **Respondent.**

## ORDER

Petitioner Keith Robinson, who is serving a life sentence on his convictions of operating a continuing criminal enterprise, drug conspiracy, drug distribution, money laundering and firearms charges, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[1] Petitioner argued that his trial counsel was ineffective in various respects, but Judge Curran denied the motion and dismissed the case. Petitioner filed a notice of appeal and request for certificate of appealability ("COA"), and the case was re-assigned to me on Judge Curran's retirement.

### I. COA STANDARD

Before a § 2255 petitioner may take an appeal, the district court must consider whether to grant him a COA pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000). The certificate may issue only if the applicant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[1] The factual background of the case is set forth in United States v. Hardin, 209 F.3d 652 (7th Cir. 2000), vacated, 531 U.S. 1135 (2001), the decision on petitioner's direct appeal.

§ 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quote marks omitted). When a district court dismisses a habeas petition based on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Where a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

## II. DISCUSSION

Ordinarily, a defendant's failure to raise an issue on direct appeal results in procedural default, barring collateral review absent good cause for the default and actual prejudice from the failure to consider the issue. See United States v. Frady, 456 U.S. 152, 167 (1982). However, claims of ineffective assistance of counsel represent an exception to this rule; such claims may always be raised in a § 2255 proceeding, whether or not the petitioner raised or could have raised the claim on direct appeal. See Massaro v. United States, 538 U.S. 500, 504-05 (2003).

In the present case, petitioner framed his claims in terms of ineffective assistance of counsel. Nevertheless, in his supporting memorandum of law, he argued that counsel's

2

Case 2:03-cv-00901-LA    Filed 09/08/06    Page 2 of 6    Document 44

ineffectiveness amounted to cause and prejudice excusing his failure to raise the underlying issues directly. Judge Curran found that the issues petitioner raised in the § 2255 motion were not clearly stronger than those pressed by his counsel on appeal, and that petitioner thus failed to establish cause for his procedural default. Judge Curran further found that, because petitioner's claims were unsupported by the facts or the law, he failed to show prejudice.

In his COA request, petitioner argues, citing Massaro, that Judge Curran erred in evaluating his claims under the procedural default standard. It was understandable that Judge Curran did so; petitioner argued cause and prejudice in his supporting memorandum. Ultimately, however petitioner's claims are considered – in the context of cause and prejudice, or as "free-standing" ineffective assistance claims – none of them deserves encouragement to proceed further.

In order to demonstrate ineffective assistance of counsel, petitioner had to show two things. First, he had to show that counsel's performance was deficient. Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, he had to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Petitioner's first claim was that his lawyer should have objected to the jury instructions on counts three, four and five because they constructively amended the indictment. These counts alleged possession with intent to distribute in excess of 50 grams of crack cocaine on specific dates. Petitioner argued that by instructing the jury that it could convict based on a finding that he possessed only "a measurable amount" of

3

controlled substance, the court modified an element of the offense and lessened the government's burden of proof. His second, related claim, was that his lawyer should have objected to the jury instructions on these counts to the extent they told the jury it could convict if it found the substance involved was crack or powder cocaine.

At the time of petitioner's trial, there was no viable argument that drug type and quantity were elements of the offense rather than sentencing factors, and counsel is not required to forecast changes in the law such as that brought about by Apprendi and its progeny. See Valenzuela v. United States, 261 F.3d 694, 700 (7th Cir. 2001). Thus, counsel did not perform deficiently by failing to raise these issues. Further, the court of appeals found, on petitioner's direct appeal, that the evidence of drug type and amount presented at trial was overwhelming, and that had the issue been put to it, the jury would have found that the offenses involved more than 50 grams of cocaine base. United States v. Robinson, 39 Fed. Appx. 386, 388-89 (7th Cir. 2002); see also Hardin, 209 F.3d at 661-62. Thus, even if counsel should have sought different jury instructions, petitioner cannot show prejudice from the failure. Therefore, jurists of reason would not find the denial of these claims debateable or wrong.

Petitioner's third claim was that his lawyer was ineffective for failing to object to the sufficiency of the evidence on counts three, four and five. The problem with this argument was that counsel did move for acquittal after the government rested and again at the close of all of the evidence. Thus, counsel did not commit the error alleged. Further, petitioner failed to show prejudice because, as the court of appeals noted on direct appeal, the evidence was overwhelming. Hardin, 209 F.3d at 660-61. Finally, to the extent that petitioner argued that he could not be convicted because no drugs were seized from him,

his argument lacked merit. See United States v. Kelly, 14 F.3d 1169, 1174 (7th Cir. 1994) ("A narcotics violation need not be proved by direct evidence; there is no need for a sample of the narcotics seized to be placed before the jury.")

Petitioner's fourth argument was that his counsel was ineffective for failing to object to a guideline enhancement for leadership role under U.S.S.G. § 3B1.1. The short answer to this claim is that because petitioner received a mandatory life sentence under 21 U.S.C. § 848(b), the guidelines were irrelevant; thus, petitioner could not show prejudice. Moreover, it appears that counsel did, in fact, object to the PSR on this issue, meaning that he did not commit the error petitioner assigns. Finally, petitioner failed to show that Judge Curran's ruling on this enhancement at sentencing was erroneous. Therefore, this claim failed, and reasonable jurists would not encourage it to proceed further.

Petitioner's final argument was that counsel should have objected to the jury instructions on the § 848 count because they did not require unanimity as to what constituted a substantial amount of income. This claim failed because the court instructed the jury using the Seventh Circuit's pattern instructions, which petitioner has not shown to be erroneous. Further, the cases suggest that the court should not attempt to define for the jury what is substantial but rather allow the jury to interpret the term accordingly to its ordinary meaning. United States v. Herrera-Rivera, 25 F.3d 491, 499 (7th Cir. 1994). Therefore, petitioner failed to show that counsel was ineffective on this basis either, a conclusion with which reasonable jurists would not disagree.

5

Case 2:03-cv-00901-LA   Filed 09/08/06   Page 5 of 6   Document 44

## III.  CONCLUSION

Therefore, for the reasons stated herein and those stated in Judge Curran's May 31, 2006, Order dismissing the case,

**IT IS ORDERED** that petitioner's request for a COA (Docket # 43) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

6

Case 2:03-cv-00901-LA   Filed 09/08/06   Page 6 of 6   Document 44